UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHAEL WARE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 3:11-cv-472 |
| ) | (PHILLIPS) |
| ) | |
| WARDEN DAVID OSBORNE, ) | |
| BETTY SMITH, and ) | |
| THOMAS HOGAN, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss the complaint as time-barred filed by defendants Osborne and Hogan, and plaintiff's response in the form of a motion to proceed. For the following reasons, the motion to dismiss the complaint [Court File No. 11] will be **GRANTED** and plaintiff's motion to proceed [Court File No. 13] will be **DENIED**. In addition, the matter will be **DISMISSED** as to defendant Betty Smith, and this action will be **DISMISSED WITH PREJUDICE**.

I.      Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

II.   Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. He filed his complaint during his confinement in the Morgan County Correctional Complex (MCCX). The defendants are MCCX Warden David Osborne, Unit Coordinator Betty Smith, and Counselor Thomas Hogan. Plaintiff alleges that in March 2010 he was threatened by gang members and told he would be killed for being a snitch. He stayed in his cell for the next few days until he was approached by the First Shift Corporal as to why he was not showing up for work. He refused to explain and was written up for not coming to work. According to plaintiff, he met with his adviser the next day and told him about the threat.

Petitioner further alleges that his adviser took him to the captain, who asked for names of the individuals who made the threat. Plaintiff refused to state the names and he was placed on pending segregation investigation (PSI) for seven days. He was returned to his cell in late March 2010 and, when he refused to return to work, was given another 30 days on PSI. Plaintiff alleges that from May to June he refused to leave his cell, and kept hearing through the air vents other inmates referring to him as a baby rapist and child molester.

Plaintiff next alleges that on June 11, 2010, defendant Hogan came to his cell and told plaintiff that he had been classified as a high risk sexual predator and was recommended to go to the sexual predator program at Southeastern Tennessee State Regional Correctional Facility. He was told if he refused to go to the program he would be written up. Plaintiff

3

alleges that he has been locked up for 17 straight years, since he was 18 years old, with no sexual incident of any kind. According to plaintiff, he learned on June 13, 2010, that defendants Smith and Hogan, along with other officials, recommended the classification based upon an incident involving a six-year-old boy that occurred when plaintiff was 12 years old. Plaintiff wrote letters to defendants Osborne, Smith, and Hogan accusing them of putting his life in jeopardy by labeling him a snitch and a child molester. Plaintiff claims that, as a result of his refusal to participate in the sexual predator program, he was written up and sent to maximum security in July 2010.

Plaintiff alleges that the above conduct of the defendants in March through June 2010 violated his right against cruel and unusual punishment, and he seeks compensatory damages. Plaintiff filed his complaint on September 29, 2011.[1] Defendants Osborne and Hogan move to dismiss the complaint as time-barred.

III.  Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir.

---

[1]The complaint was received by the Clerk's Office on September 30, 2011. However, the envelope bears a prison mail room stamp of September 29, 2011. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Averments of time are material for the purpose of testing the sufficiency of a pleading. Fed. R. Civ. P. 9(f). Accordingly, a complaint can be dismissed as time-barred pursuant to Fed. R. Civ. P. 12(b)(6). *Ott v. Midland-Ross Corporation*, 523 F.2d 1367, 1369 (6th Cir. 1975).

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

As noted, plaintiff's complaint was filed more than one year from the date of the defendants' alleged unconstitutional conduct. In response to the motion to dismiss, plaintiff has filed a motion to proceed. With respect to whether the complaint is time-barred, plaintiff states that he sent personal letters to each defendant on June 13, 2010, questioning why he was being labeled a sexual predator but did not receive a response from any of the defendants. The fact that plaintiff may have notified the defendants on his concern in June

5

2010, however, does not negate the fact that his complaint was filed more than one year from the date of the alleged unconstitutional conduct. Accordingly, the motion to dismiss filed by defendants Osborne and Hogan is well-taken and will be **GRANTED**.

The court notes that defendant Betty Smith was served with process on November 30, 2011, yet she has failed to respond to the complaint and plaintiff has not moved for entry of judgment by default. For that reason, the action would be subject to dismissal as to defendant Smith based upon plaintiff's failure to prosecute. *See* Rule 41(b) of the Federal Rules of Civil Procedure. In any event, the claims against defendant Smith are likewise barred by the statute of limitation and thus this action will be **DISMISSED** as to defendant Betty Smith. There being nothing further to be done in the case, this action will be **DISMISSED WITH PREJUDICE**.

IV.     Conclusion

The motion to dismiss filed by defendants Osborne and Hogan will be **GRANTED**, plaintiff's motion to proceed will be **DENIED**, the matter will be **DISMISSED** as to defendant Betty Smith, and this action will be **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
    United States District Judge